THE NIAGARA FALLS AND LAKE ONTARIO RAILROAD COMPANY *vs.* HOTCHKISS and others.

Upon the consummation of the proceedings prescribed by the railroad act, for the taking of lands for the purposes of a railroad, the company is entitled to enter upon and take possession of the land; and the owners, who have been made parties to the proceedings, are divested and barred of all their interest therein.

The owners have no longer a legal right to keep the company out of possession; and if they resist the agents of the company, in their attempt to take possession, they will be guilty of an unlawful act. But this will not authorize the issuing of a writ of possession, or assistance, upon the application of the railroad company.

A writ of that nature can only be awarded in execution of a decree or judgment of the court; not to enforce a right conferred by statute.

MOTION for writ of assistance. On the 11th of April, 1853, The Niagara Falls and Lake Ontario Railroad Company pre-

sented their petition to the court, praying for the appointment of commissioners of appraisal, for the purpose of taking the lands of Calvin Hotchkiss and others, situate in the town of Lewiston, for the purposes of their road. Commissioners were appointed pursuant to the prayer of the petition. These commissioners, having viewed the premises and heard the proofs and allegations of the parties, awarded to the owners, the sum of seven hundred and fifty dollars, as compensation for the lands to be taken. The report was, on the 6th of May, confirmed, and an order was made, pursuant to the 17th section of the railroad act, directing that the amount of the award be deposited in the Lockport Bank and Trust Company, to abide the further order of the court. The money was so deposited, and notice thereof given to the owners of the land. A copy of the order of confirmation was recorded in the manner prescribed in the 18th section of the act.

On the 6th of June, the railroad company presented to the court a petition duly verified, setting forth these proceedings, and stating that, after such complying with the requirements of the act in the manner set forth, the company, by its servants and agents, proceeded to enter upon and take possession of the land, and that the owners, who had been made parties to such proceedings, refused to permit them to take possession, and had instituted proceedings against such agents and servants for a malicious trespass, and had them arrested, and that they still threatened such proceedings, and to resort to arms, if need be, to keep the company out of possession. Upon these facts the railroad company asked for a writ of possession or assistance, to be issued to the sheriff of the county of Niagara, commanding him to put the company in the possession of the lands, and restraining the owners from interfering with such possession, except by legal proceedings to regain such possession. An order was made requiring the owners of the land to show cause, on the 10th of June, why the prayer of the petition should not be granted. On that day the owners appeared and opposed the application.

*John Ganson,* for the railroad company.

*John L. Talcott,* for the owners.

HARRIS, J. Upon the consummation of the proceedings prescribed by the railroad act, it is declared that " the company shall be entitled to enter upon, take possession of, and use the land for the purposes of its incorporation." And all persons who have been made parties to the proceedings shall be divested and barred of all right, estate and interest in such real estate. The company required no legal process to put them in possession. The statute was their warrant for entering upon the land. The owners, having been made parties to the proceedings, were divested and barred of all their interest. They had no longer a legal right to keep the company out of possession. In resisting the agents of the company in their attempt to take possession, they were guilty of an unlawful act.

But I cannot see that, because the owners of the land have been guilty of an unlawful act in resisting the agents of the company, the company is therefore entitled to legal process to prevent such resistance. It is the right of the company to occupy the land; and if the owners see fit to use force in preventing such occupation, they are amenable to the law for their unlawful conduct; and, besides, the writ of possession or assistance is always awarded in execution of the decree or judgment of the court. In this case, there has been no such decree or judgment. The statute, not the court, has declared the rights of the parties. It is the statute, and not the judgment or decree of the court, that authorizes the company, without suit, to take possession of the lands. It would certainly be a novel thing for this court to issue an execution to enforce a right which it had never declared by its judgment, and which it had no authority to declare.

If the company should find itself unable to resist the force which would prevent its exercise of the legal right which the statute confers, of taking possession of and using the land, it may be that, in an action brought for that purpose, the owners might

be restrained by injunction from such interference. But upon this question, I need not express an opinion. It is enough, upon this application, to say, that the court has no power to award any process to aid the company in securing to itself the possession and use of the land. The motion must therefore be denied; but it is without costs.

[Niagara Special.Term, June 6, 1853.    *Harris*, Justice.]