### THE STATE OF IOWA v. MINSKI.

In criminal cases, before justices of the peace, the defendant is entitled to more than one change of venue, when the same is properly applied for.

Where, in a criminal case before a justice of the peace, the defendant made affidavit for a change of venue, alleging that the justice was prejudiced against him, and that he could not obtain justice before him, and thereupon a change of venue was granted to another justice in the same township; and where, before the second justice, the defendant filed a similar affidavit, alleging the same cause and asking another change, which was refused, and the defendant convicted, which judgment was affirmed in the district court; *Held,* That the defendant was entitled to the second change of venue.

*Appeal from the Fagette District Court.*

MONDAY, DECEMBER 13.

An information for keeping intoxicating liquors, with intent to sell the same, was filed against the defendant before a justice of the peace. The defendant made affidavit for a change of venue, alleging that the justice was prejudiced against him, and that the defendant could not obtain justice before him, under the statute of 1853, chapter 58. A change of venue was granted to another justice of the

peace, in the same township.   Before this justice, the de-
fendant filed his second affidavit, assigning the same cause,
and asking another change of venue, which was refused.
The cause was taken to the district court, where this judg-
ment of the justice was affirmed.   The defendant appeals
to this court, and assigns the affirmance of the above judg-
ment as error.

*McClintock & Ainsworth*, for the appellant.

*M. McGlathery*, (District Attorney), for the State.

WOODWARD, J.—The question presented is, whether the
defendant is entitled to more than one change of venue
from a justice of the peace, although he may file a second
affidavit, which is proper in form and substance.   The
Code did not provide for a change of venue in cases pend-
ing before a justice of the peace, although it allowed one
in the district court, probably because the legislature con-
sidered the right of appeal as a sufficient protection against
any injustice which might be done by the inferior tribunal.
But the Code provided, in section 1708, that no more than
one change should be allowed for causes existing when the
first was taken.

The act of the 24th of January, 1853, (acts of 1853, 94),
above referred to, provides that, " In all actions pending
before a justice of the peace, either party may have a
change of venue, upon filing an affidavit, alleging certain
matters."   The cause is then to be sent to the next nearest
justice of the peace, " which justice shall proceed to try
the case."   It is certainly true that strong reasons exist
against a construction which will allow more than one
change, for if two are permitted, why not more than two ?
But the reasons which exist against this court restricting
the power, are yet more weighty.   We have no power to
legislate ; and to restrict this right, is legislation, and not
a construction of the act.   There is no word implying a
restriction.   We cannot regard as such, the concluding

words, "which said justice shall proceed to try said cause." These are but directory, meaning that when he has thus become possessed of the case, he has authority to proceed in it as if it had been commenced before him. When the legislature enacted this law, they had before them the Code, which prohibited a second change in the district court, and it would seem but reasonable to think, that if they intended a restriction, they would in like manner have expressed it.

There is another consideration. In the law relating to a change in the district court, provision is made for the case of the existence of the same objections to other counties, and the discretion as to the county to which the cause shall be sent, is given, whilst in the case of a change before a justice, the law is peremptory, that it shall be sent to the next nearest justice of the peace, and thus locality alone is made to govern the cause, without regard to fitness. And when we return to the reason of the case, it seems to dictate a second change, as well as the first, when the same, or other legal causes exist. If the second justice is of kin, or prejudiced, or a necessary witness, no reason can be given against a change which would not have equal force in the first instance. It is argued that the cause may be sent from officer to officer, around the county. If real objections exist, this is no valid argument, for the party is entitled to a pure tribunal; and to reason upon the thought that the objections are not real, is to suppose perjury in the affiant, upon which basis a decision cannot rest.

We conclude, therefore, that, when properly applied for, a second change must be granted, until the legislature see fit to interpose.

The judgment of the district court is reversed, and cause remanded.