Rapallo, J.
It is not necessary to determine whether or not, at the time of the decision in The Niagara Falls and Lake Ontario Railroad Co. v. Hotchkiss (16 Barb., 270), the court had power to make an order or issue process to put a railroad company in possession of lands acquired by proceedings under the general railroad act of 1850, because we are of opinion that section 5 of the act of 1854, amending the' general railroad law (Laws of 1854, chap. 282) clearly confers that power. That section provides that when the mode or manner of conducting the proceedings consequent upon the appraisal are not expressly provided for by the statute, the courts before whom such proceedings may be pending shall have the power to make all necessary orders and give proper directions to carry into effect the object and intent of the general railroad law and of the amendment of 1854, and that the practice in such cases shall conform as nearly as may be to the ordinary practice in such courts.
The eighteenth section of the general railroad act provides *119 that on the recording of the order confirming the report of the commissioners, and on the payment or deposit by the company of the sums to be paid as compensation for the land and for costs, etc., as directed by such order, the company shall be entitled to enter upon, take possession of, and use the land for the purposes of its incorporation. An appeal by either party from the order of confirmation is thus provided for, but that relates only to the amount of the compensation, which may be increased or diminished by a new appraisal "if one be ordered; but it is expressly declared that such appeal shall not affect the possession by the company of the land appraised.
The intent of the act clearly appears to be that the company shall have immediate possession of the land as soon as the report of the commissioners is confirmed and the order of confirmation is duly recorded, and the compensation paid or deposited; and that such possession shall not be disturbed by reason of any appeal. Where any party to the proceeding resists the taking of possession by the company, it is obvious that to carry into effect the object and intent of the act, the company should be put in possession of the land. The act of 1854 expressly empowers the court to make all necessary orders and give the proper directions to carry into effect the object and intent of the act. This, in our opinion, clearly includes power to make all necessary orders to carry into effect the declared object and intent that the company shall have immediate possession of the land.
The practice in ordinary cases where, by the judgment of a court possession of land is awarded to a party, or when it is directed that a purchaser be let into possession, is to order a writ of possession or a writ of assistance, as the case may be. The former is the appropriate remedy in legal, and the latter in equitable actions. They are in substance the same. It is objected that these processes are only issued in pursuance of a judgment or decree in an action, and are not appropriate in a special proceeding. We think the object of the amendment of 1854 was to obviate this objection and give to *120 the courts the same power in these proceedings to carry into effect the object and intent of the act, which they had to carry into effect their own judgments or decrees, and to assimilate the practice to that established in actions.
It is further objected that the order of confirmation is in violation of the constitutional provision against taking private property for public use without just compensation, inasmuch as it does not direct the compensation to be paid to the party claiming to own the land, but to be deposited in bank subject to the order of the court. We do not think this objection tenable. The money when deposited becomes, in law, the property of the parties entitled to the compensation. Their land is converted into money, but there may be conflicting claimants of the fund, and the intervention of the court may be necessary for its distribution, or for the adjustment of liens, etc. The fund is subject to the same claims to which the land was before being taken. The railroad act declares (§ 19) that if there are adverse and conflicting claimants to the money or any part of it, the court may direct it to be paid into court by the company, and may determine who is entitled to the same, and direct to whom the same shall be paid. This statute has been in active operation for nearly a quarter of a century, and we have never before heard of the constitutionality of -this provision being questioned; nor is any authority now cited in support of the objection. In the present ease it appears that there were liens upon the land, and the direction that the money be deposited was appropriate.
Whether the order directed that it be drawn out on an ex parte application, or on notice, we do not think affected its 'validity.
The order of the General Term should be affirmed, with costs.
All concur.
Order affirmed.