## BASSICK MINING COMPANY V. SCHOOLFIELD ET AL.

1. Jurisdiction in the court is power to hear and determine the particular case involved. If this power to hear and determine the particular case does not exist in the court in point of law, then there can be no jurisdiction in the case. If it does exist, then, to confer actual jurisdiction of the particular case, or subject-matter thereof, the jurisdictional power of the court must be invoked by such measures and in such manner as is required by the local law of the tribunal. Where this is done, it is then *coram judice;* if not done, there is at least error, if not want of validity, in the proceedings.

2. Under the statute (sec. 2155, Liens), judgment is to be rendered *according to the rights of the parties,* and each party is to have a lien established and determined upon the property to which his lien shall have attached.

3. In an action to enforce a mechanic's lien on defendant's entire property, in which several intervenors also claimed liens upon the entire property, and one upon a portion only of the property, a decree was made establishing liens in favor of the different parties in accordance with their respective claims. *Held,* that an order of sale of the entire property, directing *pro rata* distribution of the proceeds among all said lienholders, was unauthorized and void.

### *Error to District Court, Custer County.*

THIS action was brought by Schoolfield to enforce a mechanic's lien against the Bassick Mining Company, Adams, and others. Adams filed an answer and cross-complaint in the suit, claiming a lien upon all the premises in the plaintiff's complaint. Templeman, Holthoff, Jordi and Armstrong were intervening petitioners. The several cases were tried and determined as one suit, under the statute. The court entered the following decree:

"Now, this cause coming on to be heard on the complaint, the answer and cross-bill of the defendant B. C. Adams, the intervening petitions of H. C. Holthoff, John H. Templeman, Thomas Armstrong and John Jordi, and the default of the defendant the Bassick Mining Company to answer, and the report of the referees heretofore appointed herein, and all matters and things having been heard and fully considered by the court, and the

court being fully advised in the premises, it is ordered, adjudged and decreed that the said plaintiff have and recover of and from the said defendant the Bassick Mining Company the sum of $6,093.09, and that he have a lien on the said property of the said Bassick Mining Company, as prayed for in his said complaint, and his costs to be taxed; that the said defendant the said B. C. Adams have and recover of and from the said defendant the Bassick Mining Company the sum of $2,321.52, and that he have a lien therefor on the property of said Bassick Mining Company, as asked for in his said cross-complaint, and his costs to be taxed; that the intervening petitioner John Jordi have and recover of and from the defendant the Bassick Mining Company the sum of $262.50, and that he have a lien on the property of said mining company, as asked for in his said petition, and his costs to be taxed; that the intervening petitioner Thomas Armstrong have and recover of and from the defendant the Bassick Mining Company the sum of twenty-one thousand two hundred and twenty-five dollars ($21,225) and ninety-three cents, and that he have a lien on the property of the said the Bassick Mining Company therefor, as asked for in his said intervening petition, and his costs to be taxed; that the intervening petitioner John H. Templeman have and recover of and from the defendant the Bassick Mining Company the sum of seven hundred and ninety-seven (797) dollars and fifty cents, and that he have a lien on the property of the said the Bassick Mining Company therefor, as asked for in his said intervening petition, and his costs to be taxed; that the intervening petitioner H. C. Holthoff have and recover of and from the defendant the Bassick Mining Company the sum of four thousand and two hundred and twenty-one (4,221) dollars and twenty-six cents, and that he have a lien upon the property of the said the Bassick Mining Company, as asked in his said intervening petition, and his costs to be taxed.

" It is further ordered, adjudged and decreed, that the

said property of the said defendant the Bassick Mining Company, to wit: The Maine lode and mill-site, being mineral certificate number twenty-nine (29), designated by the surveyor-general as lots Nos. 59 A and 59 B, recorded in Book 27, pages 112, 113, 114, 115 and 116, of the Custer county, state of Colorado, records; also the Triangle lode, being mineral certificate No. 92, designated by the surveyor-general as No. 181, recorded in Book 41, at pages 1, 2, 3 and 4, of the said Custer county records; also the Spring lode, being mineral entry No. 94, designated by the surveyor-general as lot No. 182, recorded in Book 41, at pages 5, 6, 7 and 8, of the said Custer county records; also the Frank lode, being mineral certificate No. 93, designated by the surveyor-general as lot No. 192, recorded in Book 41, at pages 9, 10, 11 and 12, of the records of said Custer county; also the Georgie lode and Lookout mill-site, being mineral entry No. 95, and designated by the surveyor-general as lots Nos. 193 A and 193 B, recorded in Book 41, at pages 13, 14, 15 and 16, of the records of said Custer county; also a three-quarters interest in the Nemeha lode, being mineral certificate No. 34, designated as lot 64, recorded in Book 21, pages 464, 465 and 466, of the records of said Custer county; also the Lookout lode, being mineral certificate No. 28, designated as lot 58, recorded in Book 21, at pages 565, 566, 567 and 568, of the records of said Custer county,— together with all the buildings, machinery and improvements thereon situate, and the privileges and appurtenances thereunto belonging, all in Hardscrabble mining district, in the said county of Custer and state of Colorado, be sold by the sheriff of said Custer county on the same terms and conditions as the sheriff is directed by the law to sell real estate on execution; and, after having given notice as required by law for the sale of real estate on execution, for cash in hand, to the highest and best bidder, selling said property in separate parcels or all together, as will bring the most money.

" It is further ordered that the said sheriff shall appro-

priate the proceeds of said sale as follows:  (1) To the payment of all the costs of this proceeding, including whatever balance may be due the receiver, James W. Kurtz, for the care and preservation of the said property up to and including the day of sale; (2) to the payment of the several liens herein declared, and the judgments herein decreed, in full, if there shall be a sufficiency to pay the same; but if there shall not be a sufficiency to pay the same, then payments on said judgments to be made *pro rata*.  And in case said judgments shall not be paid in full, each and all the parties, claimants therein, shall have execution for the balance remaining unpaid."

The defendant the Bassick Mining Company brings the cause to the supreme court by writ of error.  The further facts in the case sufficiently appear in the opinion of the court.

Messrs. PATTERSON and THOMAS, for plaintiff in error.

No appearance for defendants in error.  .

ELBERT, J.  The petition of Schoolfield claimed a lien upon all the property of the defendant the Bassick Mining Company.  The defendant Adams filed his answer and cross-bill, claiming a lien upon all the property.  Templeman, Holthoff and Jordi successively filed their respective petitions as intervenors, also claiming on all the property. Subsequently Armstrong filed his petition as an inter-·venor, claiming a lien upon a *part* of the property only, viz., the Maine lode.  The liens decreed the several lien claimants, with the exception of Armstrong, were upon all the property of the defendant, consisting of seven or more lodes, and the improvements thereon, including the Maine lode.  The lien decreed the complainant Armstrong was upon the Maine lode *only*.

The leading error assigned, and the only one argued by counsel for plaintiff in error, goes, not to the decree proper, establishing and decreeing the liens of the several

parties to the proceeding, but to the order of sale embodied in the decree and made a part of it.   It will be seen, upon examination, that the order of sale is general; that is to say, to sell all the property to satisfy all the lien claimants, without reference to the fact that the lien claimed by and decreed to Armstrong was *on the Maine lode only.* The office of an order of sale is to enforce and make productive the decree.   It is based upon the decree and should be warranted by it.   Had Armstrong been the only lien claimant, and his petition the only petition.before the court for consideration, it is entirely plain that, while the court had jurisdiction of the subject-matter of the petition, it had no power or authority to order a sale of property other than that mentioned in the petition, and upon which a lien had been decreed.   Its jurisdiction was not invoked with respect to a claim of lien upon any other property, nor could it attach to any other property than that mentioned in the petition.   "Jurisdiction in the court is power to hear and determine the particular case involved.   If this power to hear and determine the particular case does not exist in the court in point of law, then there can be no jurisdiction in the case.   If it does exist, then, to confer actual jurisdiction of the particular case, or subject-matter thereof, the jurisdictional power of the court must be invoked or brought into action by such measures and in such manner as is required by the local law of the tribunal.   When this is done, it is then *coram judice.*   If this be not done, there is at least error, if not want of validity, in the proceedings.  *  *  *  The power of the court, as we have seen, over the property or subject-matter referred to in the proceedings, must be invoked over the particular case by a petition good upon demurrer; and so it must by personal notice or service, where, by statute, the latter is essential to confer jurisdiction.  *  *  *  The action of the court and notice of sale, as also the sale itself, must be of and concerning the same subject-matter described in the petition.   If the

want of such conformity appears,— as if the petition be in reference to one tract of land, and the decree, sale or notice of sale be of another and different one,—then no title will pass by the sale.   The proceedings, so far as the sale is concerned, will be a nullity.   In *Frazier v. Steenrod*, 7 Iowa, 338, the order of sale and the notice of sale were for entirely different tracts of land, and the court held the sale void, although the sale was of the tract described in the order, and the sale and deed had been approved by the probate court." Ror. Jud. Sales, §§ 70, 73, 74, cases cited; Freem. Judgm. §§ 116 *et seq.*, 143; *Rhode Island v. Massachusetts*, 12 Pet. 718; *U. S. v. Arredondo*, 6 Pet. 710; *Frazier v. Steenrod*, 7 Iowa, 340; *Fithian v. Monks*, 43 Mo. 502; *Wood v. Stanbery*, 21 Ohio St. 142.

We think it equally plain that the defect of jurisdiction which we have pointed out was not cured by the fact that the jurisdiction of the court had attached to all the property under and by virtue of the petitions of the other lien claimants.   Their petitions did not invoke the jurisdiction of the court in respect to the Armstrong claim.   We do not see that the court had any greater or different jurisdiction than if the subject-matter of each petition had been tried and adjudicated separately.   The same fundamental principles fix the limits of the power and authority of the court in the one case as in the other. *Curtis v. Leavitt*, 15 N. Y. 116.

Counsel contend that, considered as one suit, there was jurisdiction of the subject-matter, and that the order of sale is therefore not void, though irregular.   Subject-matter is that which is offered for judicial decision.   The subject-matter of the Armstrong petition was not the Maine lode, but his claim of lien upon the Maine lode. The subject-matter of the petitions of the other lien claimants was not the property mentioned in their petitions, but their claims of lien upon the property mentioned.   Counsel, therefore, assume that which is contested when they say the court had jurisdiction of the

subject-matter.  The question is whether, *on the case before the court*, the action of the court was judicial or extrajudicial,— with or without authority of law.  Cases cited *supra*.  A claim of lien by Armstrong upon all the property of the defendant company was not a matter presented by any petition before the court.  It was not, therefore, and could not be, the subject of order or decree.  Had such a lien been decreed, it would have been void.  *A fortiori* the order of sale is void.

Section 2155 of the General Statutes is as follows: "The court may proceed to hear and determine said liens and claims, or may refer the same to a referee to ascertain and report upon said liens and claims, and the amount justly due thereon.  Judgment shall be rendered according to the rights of the parties.  The various rights of all the lien claimants, and other parties in any such action, shall be determined and incorporated in one judgment or decree.  Each party who shall establish his claim under this act shall have a judgment against the party personally liable to him for the full amount of his claim so established, and shall have a lien established and determined in said decree upon the property to which his lien shall have attached, to the extent hereinbefore stated."  By this section "judgment is to be rendered *according to the rights of the parties,*" and each party is to have a lien established and determined in said decree, "*upon the property to which his lien shall have attached.*"  The succeeding section provides that the court shall cause *said property* to be sold in satisfaction of said lien and costs of suit, as in case of foreclosure of mortgages.

For the reasons given we think the order of sale was not only irregular, but beyond the power and authority of the court, and void.  To this extent the decree of the court below is reversed, and the cause remanded.  As we are advised that there has been a sale under the decree, we are in doubt as to the present *status* of the case in the court below.

If the liens have been satisfied, the purchaser at the sale, or those redeeming from him, may wish to be heard touching their right to be subrogated to the rights of the lien claimants whose claims they have paid.    Freem. Ex'ns, § 352; *Valle's Heirs v. Fleming's Heirs*, 29 Mo. 152; 77 Am. Dec. 557.

We therefore remand the case without direction, with a view of allowing all parties interested an opportunity to be heard.

*Remanded.*