CAMERON v. LOGAN.

A purchaser of real estate at a sheriff's sale, where there is no fraud, cannot resist the payment of the purchase money, upon the ground that the judgment debtor had no title, or a defective one, and, therefore, that the bid was without consideration.

*Appeal from the Dubuque District Court.*

WEDNESDAY, JUNE 8.

THE plaintiffs brought a suit against one Attix, on the 4th of April, 1857, for the enforcement of a mechanic's lien, for work and labor, &c., prior to November 19, 1856, and recovered judgment July 11, 1857. The defendants brought suit against Attix, April 24, 1857, to enforce a mechanic's lien on the same property, upon notes given in settlement, January 20, 1857, and recovered judgment July 3, 1857.

An execution issued on the judgment of defendants, July 6th, and on that of plaintiffs, July 18, 1857, directing, in each instance, the sale of the property covered by the liens. The sheriff advertised the property for sale, under each execution, on the same day. It was first offered under the execution of defendants, and struck off to them for $375, both parties bidding on it. It was then offered under the execution of plaintiffs, and both parties again bid, and the property was struck off again to defendants, for $275. The

amount of this last bid, though requested, they refused to pay, and this action is brought to collect the same.

Upon the above facts, the court below held that defendants were not liable, and rendered judgment against plaintiffs for costs, from which they appeal.

*Bissell, Mills & Shiras*, for the appellants.

*Vandever & Friend*, for the appellees.

WRIGHT, C. J.—No argument has been submitted by appellees, and we are left to conjecture the ground upon which they seek to sustain the judgment of the court below. From the argument of the appellants, we infer that it was predicated upon the ground that the previous sale to defendants under their execution, issued upon a judgment prior in date to that of plaintiffs, divested Attix of all title to the property; that nothing remained to be sold under the other execution; that the bid was without consideration and defendants were, therefore, not bound to pay it.

There was no fraud, and no pretence of fraud, on the part of plaintiffs, to induce the defendants to make the bid. On the contrary, it is evident that defendants purchased with full knowledge of all the circumstances, and full notice of the title they were acquiring. Whether so or not, it was their duty to take notice, and they cannot excuse themselves from paying the amount, nor avoid their bid, by showing that the judgment debtor had a defective title. This very question is examined and settled in *Dean* v. *Morris*, 4 G. Greene, 312. And see the authorities there cited. This determines the case, and we, therefore, need not examine the other grounds presented by appellants.

Judgment reversed.