## Boykin, Ex'r, *et al. v.* Cook, Adm'r.

*Bill in Equity to subject Lands descended to Heir, &c.*

1. *Judgment against personal representative; when not evidence against heir or devisee.*—A judgment against the executor on a cause of action against the testator, is no evidence of the existence of indebtedness as against the heir or devisee, on bill to subject lands devised or descended; but the rule is otherwise, where the devisee is executor, and the judgment is against him in his representative capacity; for on return of no goods of testator, execution could issue *de bonis propriis.*

2. *Judgment; what grossly irregular.*—Judgment to be levied *de bonis propriis*, in a suit against the executor as such, on a cause of action against the testator, is grossly irregular, and is properly amended *nunc pro tunc* at a subsequent term so as to make it *de bonis testatoris;* and the amendment when made will relate back to the date of the original judgment.

3. *Same; when void.*—A sale of the testator's lands, devised or descended, levied on and sold as his property, under executions so framed as to operate only on the executor personally, and issued on a judgment against him in his representative capacity, and a deed conveying such title as the defendant had *as executor* in the lands, are utterly inoperative and void.

4. *Purchaser at judicial sale; when not bound by.*—In general a purchaser at judicial sale, is bound, though he takes nothing thereby; but the rule is

[Boykin v. Cook.]

subject to the exception that no one will be bound, if the sale is absolutely void.

5. *Same.*—The plaintiff in a judgment against the executors, in their representative capacity, who causes execution issued thereon and operating only against them personally, to be levied on lands of the testator, devised or descended, and sold as such, bidding the full amount of his judgment, and receiving a conveyance of all the interest the executors had as such in the lands—does not thereby satisfy the debt, the sale and conveyance being void, and he not actually realizing anything at the sale.

APPEAL from Clarke Chancery Court.

Heard before Hon. A. W. DILLARD.

Pleiades Brown filed this bill against Francis B. James, and Samuel T. Boykin, as executors of Robert D. James, deceased, and against the widow, and legatees and devisees under the will of said Robert D.—said Francis B. being a devisee also—to subject lands devised, for payment of certain judgments, which Brown alleged were subsisting and valid claims against the estate. Brown having died pending suit, it was revived in the name of Zo. S. Cook, as his administrator.

The case made by the pleadings and proof was substantially as follows:

At the fall term, 1868, of Circuit Court, Brown obtained judgment against the executors, upon a demand against their testator, for the sum of $3,750. At the same term, John T. Taylor obtained judgment against the executors, upon a demand against their testator, for $483. At the spring term, 1869, Solomon Nordlinger obtained judgment against the executors, on a cause of action against their testator for the sum of $1,500.

Each of these judgments was entered up, to be levied of the goods and chattels, lands and tenements of said Boykin and said James. Brown purchased the Taylor and Nordlinger judgments, and they were duly transferred to him. The original *fi. fa.* issued on the Brown judgment commanded the sheriff to cause the amount thereof and costs to be made "of the goods and chattels, lands and tenements of Samuel T. Boykin and Francis B. James, executors of Robert D. James, deceased." The sheriff levied it on certain described lands, as the property of Robert D. James, deceased. This was not executed for want of time, and a *venditioni exponas* issued, directing the sheriff to sell the lands thus levied on, which the writ describes as "the property of Samuel T. Boykin, and Francis B. James, as executors of the estate of Robert D. James, deceased." Similar proceedings were had on the Taylor judgment. This was done at the instance of Brown, and he caused the levies to be made as above stated.

[Boykin v. Cook.]

At the sheriff's sales, in July and August, 1869, Brown bid the full amount due upon these two judgments, and paid the costs. He received deeds to the lands thus levied on, from the sheriff, conveying "all the right, title, and estate which Samuel T. Boykin and Francis B. James, as executors, had," &c., and the sheriff returned these executions "satisfied." Execution on the Nordlinger judgment was not levied, but returned "no property." Afterwards, on Brown's motion, the Circuit Court amended and corrected the judgments *nunc pro tunc,* and entered them up to be levied of the goods and effects of the testator. Brown failed to obtain possession of the lands. He then moved the Circuit Court, in which the judgments were rendered, to set aside and vacate the sales and satisfaction of the judgments; but the court overruled the motion, on the ground that a court of law had no jurisdiction of the matter.

The prayer of the bill is that defendants be required to affirm or disaffirm the sales; that in event of disaffirmance, the court will decree the sales were null and void, and restore complainant to his original rights under said two judgments, and that the lands be condemned for their satisfaction, &c.

The answers do not admit, but deny the indebtedness of the testator. They allege satisfaction of the judgments by reason of Brown's purchase, under the circumstances above stated; that the judgments were illegal and void, and so were the executions issued on them, and deny that complainant is entitled to relief.

The evidence shows that Robert D. James died testate in 1860, leaving a large estate in lands and personal property, the latter consisting mainly of negroes. The will was duly probated and the executors qualified. The personal property was divided soon afterwards. At the time the bill was filed, there was an entire insufficiency of personal assets to pay debts, the executors and their sureties were insolvent, and the lands were in possession of the widow and devisees. No evidence of the existence of the debts was offered, other than the records of the judgments.

The chancellor decreed that complainant was entitled to relief, that the sales by the sheriff were void, and the sales being void the purchases under them were nullities and no bar to the relief sought; and he, thereupon, ordered a reference to ascertain the amount due complainant, and what lands should be sold to satisfy his claims.

This decree is now assigned as error.

[Boykin v. Cook.]

WATTS & SONS, and JOHN Y. KILPATRICK, for appellants.—The original judgments and executions were voidable, at most, though lands belonging to the James' estate could not be sold under them; but all the interest the executors had in them could be sold. Brown caused these proceedings to be taken, with his eyes open; and by his acts has satisfied the judgments. They stand satisfied on the record, and there was no appeal from the refusal of the Circuit Court to set aside the sale and the satisfaction of the judgments. The proper court to do this, was the court rendering the judgment.—*Tudor v. Taylor*, 26 Vermont, 444; *McCartney v. King*, 25 Ala.

2. Brown having directed the sale, pointed out the property, and bought himself, in the absence of fraud practised on him, can not deny the validity of the sale, or be relieved from the consequences of his own negligence or folly.—*Perkins v. Winter*, 7 Ala.; *Lampkin v. Crawford*, 8 Ala.; *McCartney v. King*, 25 Ala.

3. Brown is entitled to no relief on the Nordlinger judgment. *Since* the correction of the judgment-entry there has been no execution issued returned, and hence no evidence that he has exhausted his legal remedies.—35 Ala. 76; 33 Ala. 137; 16 Ala. 550; 12 Ala. 580.

THOS. H. PRICE, *contra*.—The executions, levies and sales were void.—4 Ala. 681; 6 Ala. 635; 15 Ala. 681. The thing sold was not subject to levy and sale, and unless it was, a purchase at judicial sale will not amount to a satisfaction *pro tanto*.—*Niolin v. Hamner*, 22 Ala. 578. Nothing was paid in this case but the costs. The heirs and devisees can not disaffirm the sales, and hold on to the land; in one minute proclaiming the sale void, and in the other insisting on a credit for a bid made at it. This presents a plain case for equity, and the chancellor properly granted relief. It is not pretended that the Nordlinger judgment has ever been satisfied, and the evidence shows the insolvency of the only parties, whom the appellant contends should have been proceeded against at law. Such insolvency, is an excuse for not pressing legal remedies further.

STONE, J.—The heirs of Robert D. James, who are made defendants to this suit, do not, in their answers, admit the existence or justness of the claims sought to be recovered in this proceeding, and the result of this is, that the *onus* was cast on complainant of proving his demand. The only evi--

·dence he offered of his several claims, was the record of recoveries in the Circuit Court, in suits against Samuel T. Boykin and Francis B. James, as the executors of the will of Robert D. James, deceased. These records were not evidence against the other heirs, devisees of Robert D. James, nor against Maria L. James, the widow. In the case of *Steele v. Humes*, at the last term, we considered this question, and after examining many authorities, we reached the conclusion above announced. We deem it unnecessary to reexamine the grounds of that opinion. There being, in this record, no proof of plaintiff's claim other than the records aforesaid, the decree, as against Maria L. James, Robert D. James, jr., and Maria C. Boykin, is without any proof to support it, and must be reversed.

But the suits at law being against Francis B. James, one of the devisees under the will, and judgments recovered against him, the question, as to him, stands on a different footing. Although the suits at law were against him and Boykin in their representative capacity, yet, when judgments were recovered, they authorized executions against them to be levied of the goods of their testator, to be administered; and upon return of such executions, no property found, executions could be issued thereon, *de bonis propriis.*—Code of 1876, § 2620. We hold that these suits and judgments ascertained the existence and amount of the debts, as against Francis B. James. This renders it necessary that we should determine another question, which has been very fully argued.

These suits were brought, and judgments recovered in the Circuit Court of Clarke county; the suits being severally in favor of Pleiades Brown, John T. Taylor and Solomon Nordlinger, and against Samuel T. Boykin and Francis B. James, as executors of Robert D. James, deceased. These suits were founded on claims against Robert D. James, testator; but the judgments were entered, to be levied of the goods and chattels, lands and tenements of said Samuel T. Boykin and Francis B. James. Francis B. James was one of the heirs, and a devisee under the will of Robert D. James. The bill avers that Pleiades Brown purchased, and became the owner of the judgments in favor of John T. Taylor and Nordlinger. On these judgments, so entered *de bonis propriis*, Brown sued out executions, and under his directions, the execution in his own favor, and that in favor of Taylor were levied on lands which Robert D. James died seized, the lands were sold by the sheriff, purchased at the

[Boykin v. Cook.]

sale by Pleiades Brown, and sheriff's deeds made to him. His bid and purchase were for the full amounts due on the two judgments and executions in favor of himself and Taylor. Subsequent to this time, and after a fruitless effort to obtain possession of the lands under said purchase, on the motion of Brown the several judgments were amended and corrected *nunc pro tunc*, and entered up to be levied of the goods and effects of the testator of defendants. Motion was then made in the Circuit Court by Brown to set aside the sales and satisfaction of the judgments; but the circuit judge overruled the motion; holding that it was a proper subject for chancery jurisdiction. The present bill was then filed by Brown, seeking to avoid the effect of the sale under the executions, if effect it had, and to subject the lands of testator to the payment of the judgments.

The bill alleges there are no personal assets of the estate of Robert D. James, and that the executors and their sureties are insolvent. Robert D. James left a widow and three children, devisees and legatees under his will, and all of them, save Mrs. Boykin, a married woman, are obligors on the executorial bond. The bond is in the penalty of three hundred thousand dollars, and bears date in 1860. The inventory and appraisement show a very valuable personal estate, consisting largely of slaves, but several thousand dollars of other personal property. These, it appears, were divided off long before the present bill was filed. We think the testimony establishes the insolvency of Boykin, and that the other bondsmen were without property, except the lands sought to be condemned, which they had acquired under testator's will.

It is manifest that the judgments first rendered in these causes against James and Boykin, to be levied *de bonis propriis*, were not supported by the pleadings, and were grossly irregular. The Circuit Court did right in correcting them; and if there had been an appeal from them to this court, they would have been here corrected at the costs of the appellant.—1. Brick. Dig. 81, § 178, *et seq*. It is contended for appellants in this case that inasmuch as the plaintiff Brown procured the executions on the two judgments—that in his own favor, and that in favor of Taylor—to be levied on the lands, and himself became the purchaser—thus satisfying said two executions—that works a satisfaction of the claim, although Brown took nothing by his purchase. If there be nothing in this case to take it without the operation of the general rule, the position is well taken.—*Mc-*

[Boykin v. Cook.]

*Cartney v. King*, 25 Ala. 681 ; *Ricks v. Dillahunty*, 8 Par. 134 ; *Worthington v. McRoberts*, 9 Ala. 297 ; *Burns v. Hamilton*, 33 Ala. 210 ; *Tudor v. Taylor*, 26 Ver. 444 ; *Dunn v. Frazier*, 8 Blackf. 432 ; *Anderson v. Faulks*, 2 Harris & Gill, 346 ; *Cameron v. Logan*, 8 Iowa, 434 ; *Fox v. Marsh*, 3 W. & Serg. 444 ; *Dean v. Morris*, 4 Iowa, 312 ; *Rodgers v. Smith*, 2 Carter, Ind. 526 ; *Mellen v. Boatman*, 13 Sm. & Mar. 100 ; *The Monte Allegre*, 9 Wheat, 516 ; *Thompson v. Munger*, 15 Tex. 523. This is the general rule, but it is frequently one of great hardship. Courts have sometimes granted relief against its consequence.—*McGehee v. Ellis*, 4 Littell, 244 ; *Muir v. Craig*, 3 Blackf. 293 ; *Bickley v. Biddle*, 33 Penn. St. 276 ; *England v. Clark*, 4 Scam. 486. The case of *McCartney v. King* was one of extreme consequences. The rule has this exception. If the sale be void, then no one is bound by the purchase ; and unless the plaintiff actually realizes the proceeds, the debt remains unsatisfied.

Amendments of judgments *nunc pro tunc*, take effect as of the date when the original judgment was rendered. These judgments must be treated as if originally rendered against James and Boykin as executors of Robert D. James, to be levied of the goods and effects of their testator, in their hands to be administered. The title to personalty only was in them, and that alone was liable to process properly issued, and pursuing such judgments. It could furnish no warrant for the seizure and sale of lands of the testator, the title to which had vested in the heirs or devisees. We have then the case of a judgment against representatives in their representative capacity, execution against them, so framed as that it could only operate against them personally, and, under it, lands of their testator levied on and sold ; levied on and sold, not as the property of Francis B. James and Samuel T. Boykin, but as the property of R. D. James, deceased. The deed conveyed only such title as James and Boykin, *as executors*, had in said lands. As executors, they had no title whatever which could be levied on and sold ; and so the whole proceedings show on their face that no title whatever was conveyed thereby. They did not create any cloud on the title which had descended, nor did the deed convey, nor assume to convey any title which might vest in James and Boykin personally. Being on its face utterly inoperative, we pronounce the deed, and with it the sale under which it was made, without any legal effect whatever, and void.—*McClellan v. Lipscomb*, 56 Ala. 255. We hold, therefore, that

the claims asserted in this bill were not cancelled or impaired by Brown's purchase at sheriff's sale.

Reversed and remanded.

