BASSICK MIN. CO. V. SCHOOLFIELD ET AL.

ACCOUNTING BY RECEIVERS.— In proceedings to enforce statutory liens, in which a receiver had been appointed *pendente lite*, a decree was made establishing the various liens, ordering a sale of the property by the sheriff, and directing the distribution of the proceeds. After such sale, the amounts due the respective creditors, costs, and all claims of the receiver to the date of the sale, were fully paid; and the receiver reported his accounts to that date, and they were passed and were reported by him paid. *Held*, that it was error, at the next term of the court, to which the receiver's reports had been continued for consideration by stipulation of the parties, to enter a decree making claims of the receiver for money expended after the sale a lien on the property antedating the decree under which it was sold, as there was no longer any suit pending in which a receiver could be appointed or continued.

*Appeal from District Court of Custer County.*

IN statutory proceedings to secure liens on the property of the Bassick Mining Company, brought by W. D. Schoolfield and others claiming liens, James W. Kurtz was appointed receiver of the property of the company *pendente lite*. After sale of the property, under decree of the court, and payment out of the proceeds of all claims of the receiver to the date of sale, and at a subequent term of the court, on his submitting a further account for money expended after the sale, a decree was entered in favor of the receiver

for such further sum, and it was declared to be a first lien as of a date prior to the date of the sale. From this decree the Bassick Mining Company appeals.

Messrs. A. J. RISING and PATTERSON & THOMAS, for appellant.

Mr. J. R. SMITH, for appellees.

REED, C. The appellant was a mining corporation, engaged in mining in the year 1885, and had been prior to that time; was the owner of several lodes, buildings, etc.; and was indebted in different amounts to various contractors, employees and material-men, who, in June of that year, instituted statutory proceedings to secure liens upon the property of appellant, Schoolfield being one, among others, of the lien claimants. On the 19th day of June, 1885, decrees were entered for the various claims, amounting in the aggregate to about $35,000, making such claims liens upon the property of the company, and ordering the same to be sold according to law for their satisfaction. At the time of bringing the suits, the different lien claimants united in representing to the court the necessity of operating the pumps and keeping the mine clear of water to prevent irremediable damage, and in asking that a receiver be appointed and put in charge of the property "to preserve said mine and keep it security for such claims," representing that the property, if protected, was ample security for the debts; otherwise not. Appellee Kurtz was appointed, qualified, and entered upon the discharge of his duties. In the decree of the court, after ordering the sale of the property to satisfy claims, it provided for the application of the money, "first, to the payment of all the costs of this proceeding, including whatever balance may be due the receiver, James W. Kurtz, for the care and preservation of the property up to and including the day of sale."

The record does not show that the appointment of a receiver was resisted by the appellant in any manner, or that

it in any way participated. It appears to have been done *ex parte*, on the application of plaintiffs. The circumstances and conditions shown to have existed were such as to make the appointment of a receiver proper, and necessary for the preservation of the property and security of the claimants.

The record contains no return of the sheriff whatever. There is nothing in the record, abstract, or arguments of counsel to in any way inform the court who became the purchaser of the property at the sale, and what amount was realized from the sale. The record not disclosing the fact who became the purchaser, and the attention of counsel having been called to it, a stipulation was filed in this court, in substance, that the property was bought at the sale by James Staples for about $38,000.

The only evidence found in the record of a sale of the property under the decree is contained in a report of the receiver filed July 31, 1885, in which it is stated that on July 11th the sheriff had made a sale of the property, and had received the moneys due under the decree, "and has paid over to said receiver the balance of costs due for care of the property as set down in the receiver's report, filed herein on July 11, 1885,— to wit, $2,350.45,— and said receiver has since paid the same out to the parties entitled thereto." It appears from the report of the receiver that on the 11th day of July, which was the day of the sale, Receiver Kurtz presented his report and account to that date, in which he shows the total expenses to have been from the date of appointment to that date $4,145.27, and that the amount he had received from the mine and other sources amounted to $1,894.82, leaving the balance due him on that date $2,250.45, being the same amount which he reports to have received from the sheriff, as shown above. Hence it clearly appears from the record that the entire accounts of the receiver were passed and paid off up to and including the date the property was sold by the sheriff.

On the 20th day of July the receiver applied to the court to be discharged, and on the same day a petition was filed

by Armstrong, one of the creditors, setting up that he had received his money, and asking that the receiver be discharged, and he be released as surety on his bond. Again, on the 27th of July a petition was filed by the receiver asking to be discharged, and there was also filed a stipulation of parties that he should be discharged, "and that the reports of said receiver now on file in said court, together with his final report to the date of his discharge, may stand for consideration at the next term of said court." And on the 29th of July an order was entered by the court discharging the receiver, in accordance with the terms of the stipulation, notwithstanding the decree of the court in which, as above stated, Receiver Kurtz was to receive from the sheriff "all moneys due him up to and including the day of sale," and the further fact, as above shown, that at the date of sale he passed his full account to that date, and received payment as he himself reports, under the order of the court, and the stipulation of parties continuing the accounting and settlement of the receiver to the next term. At the term in January, 1886, he submitted a further account for money expended after the date of the sale of the property, claiming to be due him the sum of $2,820.97.

The appellant objected to the report of the receiver as shown by the record, and the objections were overruled by the court (what the objections were nowhere appears), and the court decreed the further sum, as above stated, to be due and owing the receiver, and made the following order: "And it is further considered, adjudged and decreed by this court that the aforesaid sum of $2,820.97, due the receiver, James W. Kurtz, be, and the same hereby is, declared a first, prior and superior lien, as of date the 13th day of June, A. D. 1885, on the property so taken care of and preserved by the said receiver," and proceeds to designate the property.

The receiver having been appointed *pendente lite* to preserve the property, and protect the creditors in their security, and a final decree having been entered establishing

the various statutory liens, and ordering a sale by the sheriff, and directing the distribution of the moneys received, and the decree having been followed by the sale, and a sufficient amount of money realized, the amounts due the respective creditors, costs, and all claims of the receiver for services and disbursements to that date, having been fully paid and discharged, the adjudication as far as that court was concerned must be held to have been final and conclusive, and its jurisdiction over the subject-matter of the controversy ended. See Freem. Judgm. § 96 *et seq.;* Ram, Judgm. ch. 14; *Fischli v. Fischli,* 1 Blackf. 360; Cooley, Const. Lim. 47; *Parsons v. Bedford,* 3 Pet. 443; *Weston v. City of Charleston,* 2 Pet. 449; *Samuel v. Judin,* 6 East, 333.

It is true that appellant in this case brought the proceedings of the district court to this court for review by writ of error, and that the decree of the court under which the sale was made was held erroneous in one respect, and the cause remanded. See *Mining Co. v. Schoolfield,* 10 Colo. 46. In that case no question in regard to the receiver, or presented in this appeal, was involved or considered. After the cause was remanded, the irregularity for which the decree was reversed was settled and adjusted amicably by the parties in interest, and no further proceedings had in the district court. Consequently those matters can have no influence in the determination of this case. The creditors having been paid in full, there was, after the 11th day of July, no suit pending in that court in which Schoolfield and others were parties in which a receiver could either be appointed or continued by an order of court. Having been appointed to preserve the property and security of plaintiffs pending litigation, his functions as receiver ended with the sale and payment of the full claims of the creditors, as decreed by the court. Staples became the owner of the legal title, which might be divested by redemption by the appellant. There was no suit pending after the sale to give the court jurisdiction of the property of Staples or appellant, to appoint a receiver, or to continue one who had acted in that

capacity in a former suit, which had been ended. At the date of the sale, the receiver reported his entire accounts to that date, and they were passed, and, as he reported, fully paid; and, in our view of it, his position as an officer of the court as receiver *pendente lite* ended. We do not wish to be understood as saying that in a case where accounts had not been passed, and the claims of receiver paid in full, the settlement and adjustment of the receiver's accounts might not be continued to the next term, and then be legally adjusted; but, in a case like the one under consideration, the authority of the court could only be rightfully exercised for the purposes of passing and adjusting the receiver's accounts up to the date of sale, while the receiver's duties and official control of the property must of necessity have ceased at the time of such sale, it not being such a sale as required confirmation by the court. In this case, the accounts having been passed and paid to the time of the sale, there was nothing to continue to the term. A receiver is an officer of the court. The office is in many respects analogous to that of sheriff. He is not a party to nor litigant in any suit in which he is appointed; nor can he be made a party on motion, nor obtain a decree or get judgment for service or disbursements in such suit. See High, Rec. § 796, where it is said: "A receiver cannot recover judgment for his services against the parties to the original suit in which he was appointed by a motion made in that suit; and it is error to so enter judgment against them, there being no action pending in which such a judgment is proper." A receiver may pay himself the amount allowed by the court out of assets in his hands, and, if not sufficient, it may be taxed and collected as costs in the case. *Berry v. Jones*, 11 Heisk. 206; *Hutchinson v. Hampton*, 1 Mont. 39.

In this case the receiver was fully paid by the sheriff to the date of sale. It was error to enter a decree in his favor at the January term: *First.* For the reason that the amount allowed was for services and disbursements made after the term of office had expired by the conclusion of the litigation

and sale of the property, and also by the terms of the order or decree by which he was appointed. If, by the request or consent of the appellant and Staples, the purchaser, he was continued in charge of the property after sale, he must be regarded as their agent, to be paid by them, and their liability must depend upon such consent and acquiescence or request; and, on their failure to pay, his remedy is by suit instituted by himself against them, as in any other case of employment. *Second.* It is obvious that at the January term, when the decree was rendered, there was no such suit as the one in which the decree was entered, pending. That suit had been concluded at the preceding term, and Schoolfield and others fully paid and finally disposed of.

It is unnecessary to discuss the other supposed errors relied upon by counsel. It is apparent that it was error to enter any decree in that case in favor of the receiver, and of necessity erroneous to enter a decree making subsequent claims of the receiver a lien upon the property to antedate the decree of the court under which the property was sold.

We conclude that the decree appealed from should be reversed and the cause remanded, and so recommend.

RICHMOND and BISSELL, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed.

*Reversed.*