Bissell, J.,
delivered the opinion of the court.
The present suit is the outgrowth of the various actions between the Bassick Mining Company and its creditors. In 1885 one Sehoolfield commenced a suit against the company to enforce a lien against the property of the corporation, and therein one James W. Kurtz was appointed receiver of all its estate and property. Divers other persons became parties, claiming liens on various grounds, and the action proceeded to judgment, decree and sale. After the sale, and the distribution of the funds, the receiver rendered his accounts to the court, was allowed his compensation and discharged *528 from any further execution of the trust. Notwithstanding the decree of final settlement, the receiver continued in possession of the property, and some months after made an application to the court for a further allowance by way of compensation and reimbursement for expenses. The application was allowed and by order of the court passed into the form of a judgment, on which an execution was issued, and the property again sold, and bought in by the receiver Kurtz for the sum of $3,815.15. After the purchase by Kurtz under his pretended judgment, the plaintiff Brown, assuming that the judgment was binding and valid, attempted to redeem under the statute regulating redemptions from judgment sales, and paid to the sheriff, to effect that end, the sum for which the property had been sold to Kurtz. About the time the money was paid to the sheriff, Brown became satisfied that the Kurtz judgment was void, the sale worthless, and that he had acquired nothing by reason of his attempted redemption, and he brought this suit against the sheriff to recover the money. Nothing further is necessary to a complete understanding of the conclusion at which the court has arrived. We are relieved from the necessity to discuss the invalidity of the Kurtz judgment, since that question was fully settled in the case of The Bassick Mining Company v. Schoolfield et al., 15 Colo. 376.
Since the decree or judgment in favor of Kurtz was without validity, there remains but practically two questions to be settled in this case. The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action. The defects, if any, were in its averments as to the invalidity of the judgment. It was not open to the objection. Greater fullness of statement would probably have tended to clearness and certainty, but its averments were not lacking in what was essential to the statement of a cause of action, and under it the plaintiff could have made proof of everything necessary to show that the judgment was without legal force.
The other inquiry concerns the right of the plaintiff *529 Brown to maintain an action to recover the money paid for the purposes of a statutory redemption from a sale under a void judgment. On principle there would be no difficulty in the case. Originally Brown commenced a suit to obtain an injunction restraining the sheriff from paying the money over to the judgment creditor Kurtz, and to compel him to return what had been deposited in his hands. The court declined to entertain jurisdiction of the suit in the form in which it was brought, or to grant the relief which was sought in that bill, but retained the writ until Brown should have the opportunity to institute a suit against the sheriff to recover his money. During the life of the injunction this action was brought. It appears by the complaint that the money is still in the hands of the sheriff.
There is a well recognized difference between the rights of a purchaser at an execution sale where the' process is voidable, and where some interest which the defendant has passes to the purchaser, and those wherein it is made under a void judgment whereby the purchaser acquires nothing by his bid. Under these latter circumstances it is very generally held that the sale transfers no right. Barrett v. Churchill, 18 B. Monroe, 387; Thrift v. Frittz, 7 Brad. 55 ; Boykin, Exr., et al. v. Cook, 61 Ala. 472; Burns v. Ledbetter, 56 Tex. 282.
The purchaser under these circumstances, according to the authorities, can pursue either one of the two remedies which are necessary to preserve his rights. He may resist the payment of the purchase money if it has not been paid, or he may recover it as upon a contract without consideration if* he has parted with the price.
The redemptioner seems to occupy precisely the same situation. The attempted redemption from a void sale brings no right to him who exercises the privilege. The creditor under the void judgment is certainly not entitled to the money, for he acquired nothing by his purchase, and there is nothing which can be transferred derivatively from him to the redemptioner. The redemptioner should therefore be *530 entitled to recover his money, either from the sheriff in whose hands it is, or from the creditor, if prior to the suit it may have passed under his control. In this case the money was still with the sheriff, and the action was properly brought against that officer to recover what was paid on the redemption. Rorer on Judicial Sales, §§ 925 and 1195; Keeling v. Heard et al., 3 Head. 592; Mulvey v. Carpenter et al., 78 Ills. 580; Borders et al. v. Murphy, 73 Ills. 81.
In sustaining the demurrer to the complaint the court erred, and the judgment is accordingly reversed.

Reversed.