# Cobb v. Garner et al.

*Bill in Equity to remove a Cloud from Title, and enjoin En-
forcement of a Judgment in an Action of Unlawful Detainer.*

1. *Sale of land by administrator under order of probate court; when
conclusive and not open to collateral attack.*—Where, upon a petition by
an administrator for a sale of his intestate's land for the payment of
debts of the estate, the probate court has jurisdiction of the par-
ties and subject matter, and upon regular and valid proceedings
judicially ascertains that there are debts against the said estate, and
that it is necessary to sell the lands in payment thereof, such deter-
mination, in the absence of fraud and collusion, is conclusive upon
all the parties to such proceedings; and a sale of the lands of the estate
by such administrator under the order of said court can not be col-
laterally attacked by persons who were parties to the probate court
proceedings in a suit against the *bona fide* purchaser of the land at
said sale on the grounds that said persons did not contest the probate
court proceedings, because they did not know that their rights were

[Cobb v. Garner *et al.*]

involved therein, and that the debts for the payment of which the
lands were sold were barred by the statute of limitations, nor can
such collateral attack of said sale be sustained on general averments
of fraud or collusion, without stating the facts constituting such
fraud or collusion.

2. *Statute of limitations; debt against decedent's estate, evidenced by
written obligation of decedent, under seal not barred for ten years.*—A
debt against a decedent's estate, evidenced by the written obligation
of the decedent, under seal, for the payment of money, is not, under
the statute (Code, § 2614), barred until after the expiration of ten
years from maturity.

3. *Bill to set aside administrator's sale and enjoin action by pur-
chaser; when injunction should not be granted*—When on a bill filed by
the heirs of a decedent to set aside a sale of decedent's lands by the
administrator under order of the probate court, and to enjoin the
purchaser at such sale from enforcing a judgment recovered by him
against the complainants in an action of unlawful detainer, there is
no averment in the bill that said purchaser was insolvent, and the
facts tend to show that he is able to respond in damages, the injunc-
tion prayed for should not be granted.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS.

The facts of the case are sufficiently stated in the
opinion.

MARTIN & BOULDIN, for appellant.—1. The jurisdic-
tion of the probate court having attached, every ques-
tion necessary to authorize the sale has been judicially
determined—the existence of a valid debt, the want of
personal assets, and due proof of these facts, have all
been adjudicated. No question is better settled than
that a sale under such proceedings can not be assailed
except on direct appeal, or for fraud.—*Pettus v. McClan-
nahan*, 52 Ala. 55; *Kent v. Mansel*, 101 Ala. 334; *May
v. Marks*, 74 Ala. 249; *Pollard v. Hanrick*, 74 Ala. 334;
3 Brick. Dig., 466, §§ 168, 169.

2. The debt, for the payment of which the lands in
this suit were sold was not barred by the statute of lim-
itations. The demand became due and payable Febru-
ary 25, 1887, and letters of administration were granted
October 31, 1893. The debt was evidenced by a con-
tract or writing under seal. An action on such a con-
tract may be brought within ten years. If the demand
was barred by the statute of limitations, is does not fol-
low that the decree can be assailed collaterally, as

sought by complainants.—Code, §§ 1840, 2614, subd.
1; *Teague v. Corbitt*, 57 Ala. 529.

J. E. BROWN, *contra*.

COLEMAN, J.—One James A. Toney, having been ap-
pointed, gave bond and qualified as, the administrator of
the estate of Celia Berry, deceased. Upon his petition
and proof taken as in chancery proceedings the probate
court decreed the sale of certain lands for the payment of
debts of the estate. At the sale Wm. M. Cobb, appel-
lant, became the purchaser, paid the purchase money,
and received a deed of conveyance to the lands. At the
time of the proceedings in the probate court for the sale
of the land, and at the time of the sale and purchase by
William M. Cobb, the appellees, Harriet Garner and
Jane Connelly, were in possession of the lands as the
children and heirs of Celia Berry, deceased. Wm. M.
Cobb instituted a suit for unlawful detainer against them,
before a justice of the peace, and recovered a judgment
for the possession. Thereupon appellees filed the pres-
ent bill against Wm. M. Cobb, and prayed that the de-
cree of sale by the probate court be set aside and an-
nulled, the deed to Cobb, the purchaser, be cancelled as
a cloud upon their title, and that the respondent be en-
joined from further prosecuting his action for the recov-
ery of the possession of the land. The court issued the
writ of injunction as prayed for in the bill. The aver-
ments of the bill upon which complainants rely for relief
are, that they were ignorant of their rights, and did not
contest the proceeding in the probate court for the sale
of the land, and that the debt against the estate, for pay-
ment of which the land was decreed to be sold, was
barred by the statute of limitation; and there is a general
charge of fraud and collusion.

The respondent answered the bill, and denied all the
material averments of facts upon which the complainants
base their right to relief, and with their answer demurred
to the bill and moved to dismiss it for want of equity.
The cause was set down for hearing upon a motion to
dissolve the injunction upon the denials of the answer,
and the want of equity. The motion to dissolve the in-
junction was denied, and respondents appealed.

So far as can be ascertained from the averments of the

bill, the proceedings in the probate court were regular and valid, and the court had jurisdiction of the parties and subject matter. The complainants were parties to those proceedings. Their ignorance that their rights were involved affords no excuse for not appearing and contesting the sale of the land. If there were no debts against the estate, it was their bounden duty to appear and contest the application. If the proof was insufficient, or the proceedings irregular, their remedy was by appeal. The probate court had jurisdiction and judicially ascertained that there were debts against the estate, and that it was necessary to sell the land for the payment of the debts. In the absence of fraud or collusion, the judicial determination by the probate court, that there were debts against the estate and that a sale of the land was necessary, is conclusive upon all who were parties to that proceeding and conclusive upon the chancery or other court, in any collateral suit or proceeding, so far as the rights of *bona fide* purchasers of the land at a sale, had in pursuance of the decree, are concerned.—*Kent v. Mansel*, 101 Ala. 334; *Pettus v. McClannahan*, 52 Ala. 55; *May v. Marks*, 74 Ala. 249; *Pollard v. Hanrick*, 74 Ala. 334. The cases of *Teague v. Corbitt*, 57 Ala. 529, and *Boykin v. Cook*, 61 Ala. 472, are not in conflict with this principle. Whether an administration is entitled on his settlement to reimbursement out of proceeds of land for money paid by him on a debt which had been barred by the statute of limitations, is wholly a different question. The debt against the estate of Celia Berry seems to be evidenced by a written obligation for the payment of money, which became due in 1887, executed under seal. It requires ten years to perfect a bar against an action founded upon a writing under seal.—Code of 1886, § 2614. The act of February 16th, 1891, (Acts of 1890-91, p. 755), which prohibits the payment of any debt against an estate which may have been barred in the lifetime of the decedent, does not apply.

In actions to recover possession of land, instituted before justices of the peace, the title is not involved. There is no averment in the bill which attacks in any manner, the justice, regularity or validity of the respondent's right to recover in the justice court.

The averment of fraud and collusion as affecting the probate court proceeding is general. In what the fraud

[Webb v. Elyton Land Co.]

consists is not stated. The complainants do not pretend they were deceived or overreached. Their excuse is, that they were ignorant and did not know that their rights were involved in the proceeding to sell the land.

From the identity of the names to the written obligation, which constitutes the debt against the estate of Celia Berry, to pay which the land was sold, and other evidence, we infer that complainants were co-makers and bound as sureties for their mother. The facts tend to show that the purchaser paid full value for the land, and that the purchase money must go to the satisfaction of this debt, for which complainants were bound. If after they have reaped such a benefit from the sale of the land, they are permitted to recover or retain the land, in their own right, the result would present a case of "masterly inactivity," rather than one of timidity and ignorance.

The bill does not charge that respondent is insolvent, and the facts tend to show, that he is amply able to respond to any judgment that may be recovered against him. We are of opinion the court should have dissolved the injunction, and a decree will be here rendered to that effect. We will not dismiss the bill, but remand the case that complainants may amend, if they can, so as to aver fraud in the procurement of the decree in the probate court, and to connect the purchaser therewith.

Reversed and rendered in part and remanded.